996 F.2d 311
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Michael Don SMITH, Petitioner,
v.
R. Michael CODY, Respondent.
 No. 92-6328.
 United States Court of Appeals, Tenth Circuit.
 June 18, 1993.
 
 Before McKAY, Chief Judge, SETH and BARRETT, Circuit Judges.
 ORDER AND JUDGMENT*
 McKAY, Chief Judge.
 
 
 1
 After examining Petitioner's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 This matter is before the court on Petitioner's Motion for Leave to Proceed on Appeal Without Prepayment of Costs or Fees and Application for a Certificate of Probable Cause. The motion to proceed on appeal without prepayment of costs or fees is granted; we issue a certificate of probable cause pursuant to 28 U.S.C. § 2253, see Barefoot v. Estelle, 463 U.S. 880 (1983) and we proceed to the merits of the case.
 
 
 3
 Petitioner brings this habeas corpus action based on his conviction in Oklahoma state court. At his state trial, the trial court instructed the jury on the meaning of the "beyond a reasonable doubt" standard, and compared it to the "preponderance of the evidence" standard. This was a violation of Oklahoma state law. On appeal, the state appellate court noted the error, but ruled that it was harmless. Petitioner brought this federal action arguing that the trial court's error was not harmless and that the appellate court's holding on that issue violated his right to due process of law. The district court denied relief, and appeals.
 
 
 4
 We find no violation of Petitioner's federal constitutional rights. While the trial court's statements did violate Oklahoma law, there is no federal prohibition on instructing a jury on the meaning of the "beyond a reasonable doubt" standard. Indeed, as the district court properly observed, such instructions are commonly given in federal criminal trials. In giving the accused the right to appeal based on the giving of such an instruction, Oklahoma provides more than is required by federal law.
 
 
 5
 Conceivably, the grant of new trials to some defendants and not others based on this kind of instruction could implicate the Equal Protection clause. But Petitioner does not make this argument, and, in any event, Oklahoma needs only a rational basis for giving new trials to some defendants and not others. The Oklahoma appellate court's conclusion that the error was harmless greatly exceeds the very modest requirement of a rational basis. As long as such a rational basis exists, the refusal of Oklahoma to grant a new trial based on an instruction that violates state, but not federal, law is not cognizable in federal court.
 
 
 6
 The judgment is AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3